**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 15 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| XUEXIAO CHEN, | No. 12-70330 |
| Petitioner, | Agency No. A087-599-991 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 11, 2019
San Francisco, California

Before: WALLACE, SILER,[**] and McKEOWN, Circuit Judges.

Petitioner Xuexiao Chen, a Chinese citizen, petitions for review of the BIA's

decision denying his application for asylum, withholding of removal, and relief

under the Convention Against Torture. We have jurisdiction under 8 U.S.C. §

1252, and we deny his petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

We review credibility determinations for substantial evidence. *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014). "[A] credibility determination will only be reversed if 'the evidence not only *supports* [a contrary] conclusion, but *compels* it.'" *Singh v. Lynch*, 802 F.3d 972, 975 (9th Cir. 2015) (alteration and emphases in original) (quoting *Rizk v. Holder*, 629 F.3d 1083, 1087 (9th Cir. 2011).

The many inconsistencies with Chen's petition and testimony provide substantial evidence to support the agency's adverse credibility determination. Chen testified that he found a home church in China through a friend, but later he said he started the church himself. He gave inconsistent stories about his release from the hospital, and he provided conflicting home addresses. Chen also gave what the IJ and BIA considered an implausible account of his release. And Chen presented inconsistent documentary evidence. Thus, this case does not involve "the most extraordinary circumstances" that would permit us to overturn the agency's credibility determination. *Shrestha v. Holder*, 590 F.3d 1034, 1041 (9th Cir. 2010) (quoting *Jibril v. Gonzales*, 423 F.3d 1129, 1138 n.1 (9th Cir. 2005)). Accordingly, Chen's asylum claim fails, and his withholding of removal claim does too. *Huang v. Holder*, 744 F.3d 1149, 1156 (9th Cir. 2014)

Finally, because Chen has not shown "that it is more likely than not that . . . he would be tortured if removed to the proposed country of removal," 8 C.F.R. §

2

208.16(c)(2), his CAT claim fails.  Chen's only evidence was his testimony, which the agency found not credible.  Thus, he presented no "evidence relevant to the possibility of future torture" that shows a likelihood of future torture if he returns to China.  8 C.F.R. § 208.16(c)(3).

**PETITION DENIED.**